

**Vorys, Sater, Seymour and Pease LLP**
Legal Counsel

200 Public Square, Suite 1400
Cleveland, Ohio 44114

216.479.6100 | www.vorys.com

Founded 1909

**Liana R. Hollingsworth**
Direct Dial   (216) 479-6152
Direct Fax    (216) 937-3406
Email: lrhollingsworth@vorys.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2020

March 5, 2020

**VIA ECF FILING**

Hon. Mary Kay Vyskocil
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 18C
New York, NY  10007

      Re:  *Tucker v. Hollister Co.*, Case No. 19cv10033

Dear Honorable Judge Vyskocil:

  This firm represents Defendant Hollister Co. ("Defendant") in the above-captioned matter.  Pursuant to Local Civil Rule 7.1(d) and Your Honor's Individual Rules of Practice in Civil Cases, we have conferred with counsel for Plaintiff Henry Tucker ("Plaintiff") and, with Plaintiff's concurrence, jointly write to request a stay of this action until August 3, 2020 and an adjournment of the pre-motion conference currently scheduled for March 26, 2020 on Defendant's anticipated motion to dismiss.

  The stay is requested to allow for the resolution of pending motions to dismiss filed in similar matters that involve claims under Title III of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law based on the alleged failure to offer gift cards embossed with Braille lettering, including a nearly identical gift card case filed by Plaintiff against Whole Foods Market Group, Inc. which is fully briefed and ripe for a ruling.  *See Henry Tucker v. Whole Foods Market Group, Inc.*, No. 19-cv-9842 (the "*Whole Foods* Case").  Over 220 of these gift card actions have been filed and are currently pending before this Court and other judges in this District and in the Eastern District of New York.  The requested stay would allow the Parties to have the benefit of the Court's analysis on identical claims in other matters, which will inform their assessment of the pending case and possibly narrow issues in this case.  A stay would also substantially conserve the resources of both Parties and the Court.[1]

---

[1] Defendant notes that motions to dismiss have also been filed by the defendants in at least three other cases pending before Your Honor which also assert identical claims as those asserted in this case: *Delacruz v. Harmon Stores, Inc.*, No. 1:19-CV-10706; *Mendez v. Ascena*

Similar stays were recently granted on the same grounds by: Judge Daniels in *Delacruz v. Converse Inc.*, No. 1:19-cv10293 (S.D.N.Y. Mar. 5, 2020); Judge Failla in *Calcano v. Guess ?, Inc.*, No. 1:19-cv-10441 (S.D.N.Y. Mar. 4, 2020); Judge Caproni in *Calcano v. Drybar Holdings LLC*, No. 1:19-cv-11389 (S.D.N.Y. Mar. 3, 2020); Judge Abrams in *Matzura v. New Balance Athletics, Inc.*, No. 1:19-cv-11344 (S.D.N.Y. Mar. 4, 2020), *Calcano v. Lululemon USA Inc.*, No. 1:19-cv-10430 (S.D.N.Y. Mar. 2, 2020), and *Delacruz v. Five Below, Inc.*, No. 1:19-cv-10294 (S.D.N.Y. Feb. 28, 2020); and Judge Woods in *Delacruz v. Jamba Juice Co.*, No. 1:19-cv-10321 (S.D.N.Y. Feb. 27, 2020) and *Calcano v. Domino's Pizza, Inc.*, No. 1:19-cv-09823 (S.D.N.Y. Feb. 24, 2020). Copies of the orders are enclosed herewith as Exhibit 1 for this Court's convenience.

Other than an adjournment of the pre-motion conference currently scheduled for March 26, 2020 [Dkt. Entry 14], no dates or deadlines will be impacted by this stay as no case schedule or briefing schedule on Defendant's anticipated motion to dismiss has been set.

In the event this Court is not inclined to stay dispositive motion briefing in this matter, the Parties have met and conferred regarding a proposed briefing schedule and respectfully request that this Court vacate the pre-motion conference scheduled for March 26, 2020[2] and enter the following schedule for briefing and anticipated amendment of pleadings:

- Defendant's deadline to file its Motion to Dismiss: April 17, 2020

- Plaintiff's deadline to file his Opposition to the Motion to Dismiss or First Amended Complaint (FAC): May 18, 2020

- Defendant's deadline to file its Reply, or to file a Motion to Dismiss FAC (if FAC is filed): June 17, 2020

- Plaintiff's deadline to file his Opposition to Motion to Dismiss FAC (if FAC is filed): July 17, 2020

---

*Retail Group, Inc.*, No. 1:19-cv-10773; and *Mendez v. Lane Bryant, Inc.*, No. 1:19-cv-10772. However, unlike the motion to dismiss filed in the *Whole Foods* Case, the motions to dismiss in these three other cases have not yet been fully briefed by the parties. Nevertheless, Your Honor's rulings on those motions will also have a significant impact on the Parties' claims and defenses in the present case.

[2] The Parties are respectfully requesting that the Court dispense with the pre-motion conference to conserve resources given the number of these gift card lawsuits on this Court's docket and this Court's likely familiarity with the issues.

- Defendant's deadline to file its Reply in support of Motion to Dismiss FAC (if FAC is filed): August 7, 2020

Accordingly, the Parties respectfully request that this Court grant the requested stay until August 3, 2020. In the alternative, the Parties respectfully request this Court to vacate the March 26, 2020 pre-motion conference and enter the briefing schedule set forth above.

We appreciate Your Honor's consideration of this request and thank the Court for its time and attention to this matter.

Very truly yours,

*Liana Hollingsworth*

Liana R. Hollingsworth
*One of the Attorneys for Defendant*

cc: Jeffery M. Gottlieb, Esq.
Russell L. Porter, Esq.

Enclosure

---

DENIED. The Parties are instructed to proceed on the following schedule. The Pre-Motion Conference is adjourned sine die. Plaintiff must inform the Court by March 12, 2020 whether he will amend his complaint in response to the arguments Defendant's pre-motion letter (ECF #9). This will be Plaintiff's last opportunity to amend the complaint in response to arguments raised in the parties' letters. If Plaintiff elects to amend the complaint, the Amended Complaint is due March 25, 2020. Defendant's response to the Amended Complaint is due on or before April 8, 2020. In the event Defendant files a motion to dismiss the Amended Complaint, the motion should be briefed according to the schedule in Local Rule 6.1(b). No pre-motion letters will be required. If Plaintiff elects not to amend the complaint, Defendant's motion to dismiss is due on March 25, 2020, and further filings should be submitted in accordance with Local Rule 6.1(b).
Any request for an extension must be submitted at least 48 hours in advance of the deadline.

Date: 3/10/2020
New York, New York

Mary Kay Vyskocil
United States District Judge